| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | **CRIMINAL** |
| | § | **ACTION NUMBER** |
| versus | § | 4:96CR00168-001 |
| | § | |
| ROGER S. BRAUGH | § | |
| | § | |
| | § | |

## ABSTRACT OF JUDGMENT

| Date Judgment Entered: | May 20, 1998 |
|---|---|
| Judgment in Favor of: | United States of America |
| Judgment Against: | Roger S. Braugh |
| Amount of Judgment: | $ 504,500.00    ($250,000.00 reimbursable to Gail Schwinger) |
| Amount of Costs: | $ 0.00 |
| Rate of Interes | 0.00 % |
| Amount of Credits Since Judgment: | $ 0.00 |
| Amount Due: | $ |

The above and foregoing is a correct Abstract of Judgment entered in the United States District Court, for the Southern District of Texas, in the above-captioned case.

MICHAEL N. MILBY, Clerk

DATED: FEB 07 2006        By: _____
                          Deputy Clerk

Plaintiff's Address:
United States of America
c/o Office of U.S. Attorney
P. O. Box 61129
Houston, Texas 77208-1129

Return To:
Tate Moerer & King, LLP
206 South Second Street
Richmond, Texas 77469

SDTX (abstjdm) 07/13/98

Case 4:96-cr-00168   Document 239   Filed 05/19/1998

RECEIVED
JAN 0 4 2006
BY:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED

AO 245B (Rev. 3/95) Sheet 1 - Judgment in a Criminal Case

# United States District Court
## Southern District of Texas

MAY 2 0 1998
Michael N. Milby, Clerk

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| **ROGER S. BRAUGH** | Case Number: **4:96CR00168-001** |
| | Robert Fickman |
| | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☒ was found guilty on count(s) 1S, 2S, 3S, 4S, 5S, and 6S, on January 20, 1998. after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to violate the laws of the United States with respect to mail and wire fraud. | 02/08/1994 | 1S |
| 18 U.S.C. § 2314 | Interstate transportation of stolen property, aiding and abetting. | 09/06/1991 | 2S |
| 18 U.S.C. § 1343 | Wire fraud, aiding and abetting. | 09/17/1991 | 3S |
| 18 U.S.C. § 1343 | Wire fraud, aiding and abetting. | 06/19/1992 | 4S |

See Additional Counts of Conviction - Sheet 1.01

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| Defendant's Soc. Sec. No.: | 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 |
| Defendant's Date of Birth: | 10/03/1940 |
| Defendant's USM No.: | 29538-077 |
| Defendant's Residence Address: | |
| 110 Hillcrest | |
| Lumberton | TX  77657 |
| Defendant's Mailing Address: | |
| 110 Hillcrest | |
| Lumberton | TX  77657 |

05/14/1998
Date of Imposition of Judgment

*(signature)*
Signature of Judicial Officer

**SIM LAKE**
**UNITED STATES DISTRICT JUDGE**
Name & Title of Judicial Officer

A TRUE COPY I CERTIFY
ATTEST: 1-3-06
Date
MICHAEL N. MILBY, Clerk of Court
By _____ Deputy Clerk

239
SL

AO 245B (Rev. 3/95) Sheet 1 - Judgment in a Criminal Case

DEFENDANT: ROGER S. BRAUGH
CASE NUMBER: 4:96CR00168-001

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1343 | Wire fraud, aiding and abetting. | 02/02/1994 | 5S |
| 18 U.S.C. § 1341 | Mail fraud, aiding and abetting. | 11/22/1993 | 6S |

Judgment-Sheet   1.01

AO 245B (Rev. 3/95) Sheet 2 - Imprisonment

DEFENDANT: ROGER S. BRAUGH
CASE NUMBER: 4:96CR00168-001

Judgment-Page __2__ of __6__

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of __33__ month(s).

**A THIRTY-THREE (33) MONTH term of imprisonment is ordered for each of Counts 1S, 2S, 3S, 4S, 5S, and 6S, the terms of which are to run concurrently, for a total term of imprisonment of THIRTY-THREE (33) MONTHS.**

☒ The court makes the following recommendations to the Bureau of Prisons:

**The court recommends that the defendant be designated to a minimum security facility in the Beaumont, Texas, area that can afford him a mental health evaluation and counseling, if needed.**

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ a.m./p.m. on _____.

  ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____.

  ☒ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

AO 245B (Rev. 3/95) Sheet 3 - Supervised Release

Judgment-Page __3__ of __6__

DEFENDANT: ROGER S. BRAUGH
CASE NUMBER: 4:96CR00168-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of __3__ year(s).
A THREE (3) YEAR term of supervised release is ordered for each count of conviction, all such terms to run concurrently.

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

[ ] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[X] The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

See Special Conditions of Supervision - Sheet    3.01

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 B (Rev. 3/95)

DEFENDANT:      ROGER S. ⌐RAUGH
CASE NUMBER:    4:96CR00168-001

## STANDARD CONDITIONS

[Continued]

14) if restitution has been ordered, the defendant shall make restitution as ordered by the Court and in accordance with the applicable provisions of Title 18 U.S.C. 2248, 2259, 2264, 2327, 3663, 3663A, and/or 3664. The defendant shall also pay the assessment imposed in accordance with Title 18 U.S.C. 3013;

15) the defendant shall notify the U. S. Probation Office of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines, or special assessments.

AO 245B (Rev. 3/95) Sheet 3 - Supervised Release

DEFENDANT: ROGER S. BRAUGH
CASE NUMBER: 4:96CR00168-001

## SPECIAL CONDITIONS OF SUPERVISION

The defendant is required to provide the probation officer access to any requested financial information. If a fine or restitution amount has been imposed, the defendant is prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation officer, unless the defendant is in compliance with the fine or restitution payment schedule.

The defendant is prohibited from working in the financial services, investment, banking, and related industries as an employee, advisor, consultant, or broker.

Judgment-Sheet ___3.01___

AO 245B (Rev. 3/95) Sheet 5, Part A - Criminal Monetary Penalties

Judgment-Page __4__ of __6__

DEFENDANT: ROGER S. BRAUGH
CASE NUMBER: 4:96CR00168-001

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 300.00 | $ | $ 504,500.00 |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . $ _____

A $50 special assessment is ordered for each count of conviction.

SUBMIT PAYMENTS TO: U.S. District Clerk, Attn: Finance, P.O. Box 61010, Houston, TX 77208.

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____0.00__.

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ The interest requirement is waived.

  ☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred in a case brought under Chapters 109A, 110, 110A and 113A of Title 18 for offenses committed on or after 09/13/1994, until _____. An Amended Judgment in a Criminal Case will be entered after such determination.

☒ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | ** Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Bert Hayes | $237,000.00 | $237,000.00 | |
| Gail Schwinger | $250,000.00 | $250,000.00 | |
| Brandon Blackwelder | $17,500.00 | $17,500.00 | |
| Totals: | $ 504,500.00 | $ 504,500.00 | |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

AO 245B (Rev. 3/95) Sheet 5, Part B - Criminal Monetary Penalties

Judgment-Page __5__ of __6__

DEFENDANT: ROGER S. BRAUGH
CASE NUMBER: 4:96CR00168-001

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A ☐ in full immediately; or

B ☒ $ __504,800.00__ immediately, balance due (in accordance with C, D, or E); or

C ☐ not later than _____ ; or

D ☐ in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E ☐ in _____ (e.g. equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The National Fine Center will credit the defendant for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

**The defendant is to pay 60% of his prison earnings towards his financial responsibilities, while incarcerated. Within 30 days upon his release from custody, he is to begin making monthly installment payments of $300, until the financial obligation is fully satisfied. Any payments made towards the civil judgment awarded Gail Schwinger will be credited dollar for dollar towards his restitution obligation.**

☒ Joint and Several
Case Number
(including Defendant Number) | Defendant Name | Joint and Several Amount
--- | --- | ---
4:96CR00168-002 | Al Richards | $487,000.00
4:96CR00168-003 | Kurt LaTrasse | $504,500.00

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States Courts National Fine Center, Administrative Office of the United States Courts, Washington, DC 20544, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. If the National Fine Center is not operating in this district, all criminal monetary penalty payments are to be made as directed by the court, the probation officer, or the United States attorney.

AO 245B (Rev. 3/95) Sheet 6 - Statement of Reasons

Judgment-Page __6__ of __6__

DEFENDANT: ROGER S. BRAUGH
CASE NUMBER: 4:96CR00168-001

## STATEMENT OF REASONS

☐ The court adopts the factual findings and guideline application in the presentence report.

### OR

☒ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**The court finds that the total loss amount attributable to the defendant is $559,500; which is calculated on**

See Additional Factual Findings and Guideline Application Exceptions - Sheet 6.01

**Guideline Range Determined by the Court:**

Total Offense Level: __18__

Criminal History Category: __I__

Imprisonment Range: __27__ to __33__ months

Supervised Release Range: __2__ to __3__ years

Fine Range: $ __6,000.00__ to $ __60,000.00__

☒ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ __504,500.00__

☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐ For offenses that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered for the following reason(s):

☒ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

### OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

### OR

☐ The sentence departs from the guideline range:

☐ upon motion of the government, as a result of defendant's substantial assistance.

☐ for the following specific reason(s):

APPROVED: [signature]

AO 245B (Rev. 3/95) Sheet 6 - Statement of Reasons

DEFENDANT: **ROGER S. BRAUGH**
CASE NUMBER: **4:96CR00168-001**

## ADDITIONAL FACTUAL FINDINGS AND GUIDELINE APPLICATION EXCEPTIONS

losses associated with victims Bert Hayes, Gail Schwinger, Brandon Blackwelder, Mark McMillian. The court will not consider information regarding the James M. Glover, Donna J. Willis, or Martin-Fischer investments.

Judgment-Sheet  6.01